UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARD OF TRUSTEES, SHEET METAL
WORKERS' NATIONAL PENSION FUND, and
BOARD OF TRUSTEES, SHEET METAL
WORKERS LOCAL NO. 292 PENSION FUND,

    Plaintiffs,

v.

Case Number 08-12586
Honorable David M. Lawson
Magistrate Judge Donald A. Scheer

PALLADIUM EQUITY PARTNERS, LLC,
PALLADIUM EQUITY PARTNERS II, LP,
PALLADIUM EQUITY PARTNERS II-A, LP, and
PALLADIUM EQUITY INVESTORS II, LP,

    Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court upon the stipulation of the parties for entry of a Protective Order, and the Court being fully advised in the premises, it is hereby **STIPULATED AND ORDERED** that:

1. Information and/or documents may be designated as "Confidential" by any party or non-party as part of discovery in this action when they contain information (a) related to the identity of the partners, investors, or principals in Palladium Equity Partners, LLC, Palladium Equity Partners II, LLC, Palladium Equity Partners II, L.P., Palladium Equity Partners II-A, L.P., and Palladium Equity Investors II, L.P. (collectively, "Defendants"); (b) concerning the tax returns of Defendants; (c) related to investments of Defendants other than with respect to the Haden International Group and its subsidiaries; and/or (d) subject to the stipulated protective order executed on October 23, 2006, by Haden Schweitzer Corporation

and Haden Environmental Corporation and the Sheet Metal Workers International Association Local 292 Union in *Sheet Metal Workers International Association Local 292 Union v. Haden Schweitzer Corporation, et al.*, Civil Case No. 06-10867, United States District Court for the Eastern District of Michigan.

2. Documents other than deposition transcripts may be designated as confidential by affixing the legend "Confidential" to each page containing confidential material, except that in the case of multipage documents bound together by staple or other permanent binding, the notice "Confidential" needs only be stamped on the first page of the document in order for the entire document to be treated as confidential.

3. Deposition transcripts or portions thereof may be designated as confidential by (a) making a statement to that effect on the record at the deposition, or (b) by counsel's written designation of certain pages of the transcript as "Confidential" within 30 days of the receipt of the transcript by attorneys for all parties. Furthermore, to preserve the parties' right pursuant to this paragraph to designate portions of deposition transcripts as confidential within 30 days of receipt by attorneys for all parties, transcripts will be treated as confidential until the expiration of the 30-day period following receipt of the transcript by attorneys for all parties, after which time the transcript (or any portions thereof) shall be treated as confidential only insofar that designations have been made pursuant to the provisions of the first sentence of this paragraph.

4. Information and/or documents designated as "Confidential" shall be maintained in strict confidence by all persons permitted access to said information and/or documents pursuant to the terms of this Stipulated Protective Order ("Order").

5. Information and/or documents marked as "Confidential" shall not be used by Plaintiffs for

any purpose except in connection with this litigation, and shall not be delivered, exhibited or disclosed, in whole or in part, to any person other than (a) the Court and its officers; (b) counsel of record and their staff; (c) Marc LeBlanc, Fund Administrator & General Counsel to the Sheet Metal Workers' National Pension Fund, and Chuck Wytrychowski, Plan Manager for the Sheet Metal Workers' Local 292 Fringe Benefit Funds; (d) expert witnesses employed to work on this case; (e) party and non-party witnesses only to the extent required to testify; (f) outside stenographic court reporters and language translators as reasonably necessary; or (g) as otherwise required by law.

6. Any person to whom delivery, exhibition or disclosure of any information and/or document marked as "Confidential" shall be advised of the terms of this Order by counsel. In addition, persons described in paragraphs 5 (b), (c), (d) and (e) above shall sign a copy of the agreement attached as Exhibit A, agreeing and acknowledging that they shall be subject to the terms of this Stipulated Protective Order, prior to delivery or disclosure to such person of any information and/or document marked as "Confidential."

7. In the event that a party intends to include, attach or append as an exhibit confidential material to any document that it intends to file with the Court during the course of this litigation, the party intending to file such confidential material (the "Submitting Party") shall notify Defendants of its intent at least seven (7) business days prior to filing. If the Submitting Party and the Defendants cannot agree that the document may be filed in the normal manner with the Court, Defendants shall seek relief from the Court requesting that the Court determine whether to allow such document or information to be filed under seal. Notice of any such requested relief shall be provided to the Submitting Party in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of

        Michigan. Defendants shall bear the burden of establishing that such document or information should be filed under seal. Pending further order by the Court, any such document or information shall not be filed with the Court or placed on the record at a hearing or trial. The filing of any motion pursuant to this paragraph shall stay the Submitting Party's time to file the document with the Court (in the event there is any deadline for making the filing) until ten (10) business days after the Court decides the motion to seal.

8. When a party desires to introduce at any hearing or at trial of this matter information and/or documents marked as "Confidential," it shall provide Defendants with advance notice of its intention. Nothing herein shall preclude any party or non-party from moving the Court to require confidential treatment of any hearing or trial exhibit.

9. All information and/or documents marked as "Confidential" in the possession of any person permitted access thereto by the terms of this Order that were supplied during discovery, together with any and all copies, compilations, extracts or summaries thereof (other than attorney work product used in preparation for litigation) shall be returned to the party that supplied them within 90 days of completion of this litigation, including the exhaustion of all appeals, and such information and/or documents shall not be used in any other judicial or other proceeding or for any other purpose, except as required by law. This requirement shall not apply to any information and/or documents that have been filed with the Court, or with respect to which confidentiality has otherwise been waived.

10. In the event that information disclosing or containing information relating to the identities of the partners, investors, or principals of any of the Defendants is produced, it will be considered confidential. No person listed in paragraph 5 (b), (c), (d) or (e) or paragraph 6 will contact any of the partners, investors, or principals identified without first requesting

        permission from the relevant Defendant.  If Defendant denies permission, such person will be required to make a motion to the Court requesting permission.

11.    If any person in possession of confidential material under this Order receives a subpoena seeking production or other disclosure of such confidential material, that person shall give written notice to counsel for Defendants and shall enclose a copy of the subpoena.  Where possible, at least ten (10) business days notice before production or other disclosure should be given.  The purpose of this paragraph is to give Defendants an opportunity to intervene to object to the production or disclosure of materials designated "Confidential."

12.    If, through inadvertence, a producing party discloses information and/or documents that it believes should have been designated as "Confidential," it may subsequently, within a reasonable period after the discovery of such inadvertence, designate such information and/or documents as "Confidential."  After such designation is made, all receiving parties shall treat the information and/or documents accordingly.  If the information and/or documents have been disclosed by the receiving party prior to the designation, the receiving party shall make a good faith effort to have the information and/or documents returned.

13.    If, at any time during the preparation for trial or during the trial of this action, the receiving party claims that the producing party or a non-party has unreasonably designated certain information as "Confidential" or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, the receiving party must notify the producing party (and the non-party, if applicable) in writing that the receiving party objects to the "Confidential" designation and the reasons therefor. Within five (5) business days of such notification, the parties shall meet and confer in an attempt to resolve the receiving party's objection to the designation.  If that attempt at resolution fails, the

        receiving party may seek relief from the Court.  The burden will be on the producing party to show good cause as to why the information should remain "Confidential."

14. Nothing in this Order shall require production of information which the parties or any non-party contend is protected from disclosure by the attorney-client privilege or work product immunity.  If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information.  If a party has inadvertently produced to the other party information subject to claim of privilege or immunity, the other party upon request shall promptly return the information for which a claim of inadvertent production is made.  The party returning such information may then move the Court for an order compelling production of such information, but said party shall not assert that inadvertent production constitutes a waiver.

15. This Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

16. Nothing in this Order shall preclude any party herein, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents if such information was in that party's possession or is lawfully obtained from a non-party, even though the same information or documents may have been produced in discovery in this action and designated as "Confidential."  Provided, however, that nothing herein shall relieve any party of his/her/its duties to maintain confidentiality that exists independent of this Order.

17. This Order shall not prevent the parties from applying to the Court for relief therefrom, or

from applying to the Court for further or additional protective orders, or from agreeing among themselves to waive this Order in part or whole as to particular designated information or to modify or vacate this Order.

18. Any court with jurisdiction over this action shall retain such jurisdiction with respect to this Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such order and further orders concerning the subject of this Order as may be necessary or appropriate. Each person or entity which receives or produces any designated information hereby agrees to subject itself to the jurisdiction of such court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order.

19. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

20. Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via

the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be delivered sealed to the Clerk of the Court in a 9 x 12 inch envelope, and shall not be available to public inspection. Envelopes used to seal such documents shall have the following information printed on its face: (a) the name of the Court; (b) the title of the case; (c) the case number; (d) the name of the document; (e) the attorney's name, address, and the party he or she represents; and (f) the following language: "FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER." A copy of the Order authorizing filing under seal shall also be attached to the outside of the envelope.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 15, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2008.

s/Felicia M. Moses
FELICIA M. MOSES

---

Stipulated and agreed to by:

<mark>Case 2:08-cv-12586-DML-DAS   Document 40   Filed 12/15/08   Page 9 of 9</mark>

| | |
|---|---|
| s/Jeffrey S. Swyers with consent<br>MARC H. RIFKIND<br>JEFFREY S. SWYERS<br>Slevin & Hart, PC<br>Attorneys for Plaintiffs<br>1625 Massachusetts Ave. NW, Ste. 450<br>Washington, D.C. 20036<br>(202) 797-8700<br>mhr@slevinhart.com<br>jss@slevinhart.com | s/Scott A. Gold with consent<br>RONALD E. RICHMAN<br>SCOTT A. GOLD<br>Attorneys for Defendants<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, New York 10022<br>(212) 756-2000<br>ronald.richman@srz.com |
| s/Barbara A. Patek with consent<br>BARBARA A. PATEK (P34666)<br>CRAIG E. ZUCKER (P39907)<br>Erman, Teicher, Miller, Zucker & Freedman, PC<br>Attorneys for Plaintiffs<br>400 Galleria Officentre, Ste. 444<br>Southfield, MI 48034<br>(248) 827-4100<br>bpatek@ermanteicher.com<br>czucker@ermanteicher.com | s/Richard M. Tuyn<br>RICHARD M. TUYN (P29091)<br>DEBRA A. COLBY (P60438)<br>Ogletree, Deakins, Nash,<br>Smoak & Stewart, PLLC<br>Local Counsel for Defendants<br>33 Bloomfield Hills Parkway, Suite 120<br>Bloomfield Hills, Michigan 48304<br>(248) 593-6400<br>richard.tuyn@ogletreedeakins.com |